CORA PENO, b. n. f. *v.* KERMIT H. BUSHEY.

January Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES and STURTEVANT, JJ.

Opinion filed February 7, 1939.

*Austin & Edmunds* for the defendant.

*M. G. Leary, Bernard J. Leddy* and *M. G. Leary, Jr.,* for the plaintiff.

STURTEVANT, J. This is an action in tort in which plaintiff seeks to recover damages for personal injuries which she claims were caused by defendant's negligence in the operation of his automobile. Plaintiff had judgment below and the case is here upon one exception briefed by defendant, viz., that the court should have granted defendant's motion for a directed verdict upon the ground that the evidence showed as a matter of law that the plaintiff was guilty of contributory negligence.

The accident involved in this case occurred in the town of Milton, Vt., on a gravel road known as North Street on the afternoon of May 26, 1936. Plaintiff, Cora Peno, was eight years old at the time of the accident. Defendant Bushey was driving his automobile southerly on said highway when he struck plaintiff, seriously injuring her. At the time of the ac-

cident, Cora, who lived in a house on the easterly side of said highway, was on her way to the house of one Lapan which latter house is on the westerly side of said highway and a short distance northerly from said Peno house. At the place of the accident the highway is from fourteen to sixteen feet wide and was dusty. The school which Cora attended was located on this highway some distance northerly from her house and she had returned from this school a short time before the accident. At the time in question defendant Bushey was transporting several school children from said school to their homes. A short distance northerly from where the accident happened, defendant Bushey had met and passed a car which was proceeding northerly and was driven by one Kennedy. The dust raised by the Kennedy car interfered to some extent with the vision of both Cora and defendant Bushey at the time of the accident.

Defendant lays much stress on one part of Cora's testimony where she states that she got out about in the middle of the road and claims that from this testimony it appears that Cora deliberately walked into the path of the Bushey car. However, Cora also stated that she was near the wheel track on the easterly side of the road when she was struck. With her testimony standing as it did, it was for the jury to determine the fact. *Rich* v. *Hall,* 107 Vt. 455, 460, 181 Atl. 113; *Robey* v. *Boston & Me. R. R.,* 91 Vt. 386-388, 100 Atl. 925.

In disposing of defendant's motion, the evidence must be viewed in the light most favorable to the plaintiff. *Parro* v. *Meagher,* 108 Vt. 182, 189, 184 Atl. 885; *Perkins* v. *Vermont Hydro-Electric Corp.,* 106 Vt. 367, 177 Atl. 631; *Potter* v. *Crawford,* 106 Vt. 517, 520, 175 Atl. 229; *Pocket* v. *Almon et ux.,* 90 Vt. 10, 96 Atl. 421; *Robey* v. *Boston & Maine R. R., supra.*

From the evidence the jury could reasonably find that the plaintiff was travelling along said highway on her right hand side of the road and near the easterly wheel track when she was struck by defendant's car. As a pedestrian she had equal and reciprocal rights with defendant to the use of this highway. *Aiken* v. *Metcalf,* 90 Vt. 196, 198, 97 Atl. 669; *Bombard* v. *Newton,* 94 Vt. 354, 356, 111 Atl. 510, 11 A. L. R. 1402.

While some evidence in the case may have tended to show the plaintiff was not free from contributory negligence, there was also evidence which, if believed by the jury, would

show her free from any negligence which contributed to this accident and that at the time of the accident she was in the exercise of that degree of care for her safety which under the circumstances would be required of her.  Therefore there was no error in overruling defendant's motion for a verdict on this ground.  *Cummings* v. *Town of Cambridge*, 93 Vt. 349, 351, 107 Atl. 114; *Schofield's Admx.* v. *Metropolitan Life Ins. Co.*, 79 Vt. 161, 64 Atl. 1107, 18 Ann. Cas. 1152; *Robey* v. *Boston & Maine R. R.*, *supra*.

*Judgment affirmed.*