IN RE PETERS ESTATE.

(69 A2d 281)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed October 4, 1949.

Opinion on motion for reargument filed November 10, 1949.

*P. C. Warner* for the appellant.

*Austin & Edmunds* and *Wayne C. Bosworth* for the appellee.

ADAMS, J. This is an appeal to the County Court from the Probate Court for the District of Franklin from the allowance of the report of the Commissioners in the estate of Nellie M. Peters, which allowed a claim against the estate in favor of one Leah Lawrence. The appeal was taken by the Executor at the request of the Guardian of the residuary legatee under the will of the testatrix. In this opinion the parties will be referred to as the claimant and the estate. Trial was by jury with verdict and judgment in favor of the claimant.

The case is here on exceptions of the estate to the denial of its motions for a directed verdict, to set aside the verdict and to the taking and admission of the testimony of Dr. Berkley, a witness for the claimant.

It appears that, when the case was called for trial in the forenoon and before the jury was impaneled, the attorney for the claimant stated to the Court that he had a very important witness, Dr. Berkley, who was physically unable to be present in court and testify; that he had received that information late the previous afternoon and under the provisions of County Court rule 26 he would like to take the deposition of Dr. Berkley immediately before or after the jury was impaneled and that the deposition be read at the proper time. He then stated "I move for the right to take that deposition".

The attorney for the estate objected because the shortness of time did not give him adequate notice; that he was entitled to formal written notice of the taking; that he gathered from the remarks of the attorney for the estate he was asking the Court to go to the doctor's home and listen to the testimony rather than taking a deposition before a magistrate authorized by law to take such a deposition; that it was irregular and improper and the statute must be followed in taking the deposition or it would not be admissible.

The Court then granted the request of the attorney for the claimant to take the testimony of Dr. Berkley at his residence and

ruled that it would impanel the jury and then the Presiding Judge and Assistant Judges would go to the doctor's home and in the absence of the jury take his testimony. Exceptions were allowed the estate on the grounds first stated in the objections of the attorney for the estate and upon the further ground that the testimony was going to be taken before the Presiding Judge and Assistant Judges in the absence of the jury and the statute made no provision for the taking of testimony in such manner and no physician's affidavit had been filed as required by the rule.

The jury was then impaneled and the claimant called as a witness and testified part of the forenoon. The court then said "We will suspend and the jury is excused until two o'clock". The Presiding Judge, the Assistant Judges, the Court Reporter and the attorneys then went to Dr. Berkley's house. He was sworn as a witness and asked his name by the attorney for the claimant. After he had replied the attorney for the estate then said "May the record show

> that this hearing (is) at Dr. Berkley's house in the presence of the presiding Judge and the two Assistant Judges without the presence of the jury, and may the record further show that we object to the proceeding, first, because of that, and, second because this deposition, if that is what it purports to be, is not being taken in accordance with the statute and it is a matter of testimony being taken out of court for use in court and that it is wholly improper and illegal." The court replied; "The record may show that and show the objection. Go ahead." The doctor was then examined and cross examined.

In the afternoon, the claimant and other witnesses for her testified before the jury. The testimony of Dr. Berkley was then read to the jury by the Court Reporter from her stenographic notes. Before this was done the attorney for the estate objected on all the grounds previously stated and upon the further ground that if it was to be admitted on the theory that it was a deposition it should have been reduced to writing and signed and sworn to by the witness and if not treated as a deposition but as evidence being given in the case it was taken out of the hearing of the jury, they had no opportunity to evaluate the testimony from observation of the

witness and there was no provision of the statute or otherwise for taking testimony in this manner. An exception was allowed on all grounds stated. It does not appear upon what theory the court admitted the testimony.

The provisions of the statute in regard to taking and using depositions are to be found in V. S. 1766-1783, Rev. 1947, inclusive. There are seven reasons enumerated for the taking. The one here in question is the third, namely: "When by reason of age, sickness or other bodily infirmity he (the witness) is rendered incapable of traveling and appearing in court." The statute in regard to taking and using depositions has been in force for more than one hundred years. It is not necessary to fully trace its history. We find it in R. S. Chap. 31 in 1839. It contained ground three in the indentical language as now.

This court said in the case of *Pratt* v. *Battles,* 34 Vt 391, 399,

> "At common law it is regarded as important that testimony shall be given by witnesses in open court, in the presence of the court and jury and of the adverse party or his counsel."

It is a well established doctrine that authority to take testimony by way of deposition is in derogation of the common law and has always been strictly construed. *Clark's Admr.* v. *Wilmington Savings Bank,* 89 Vt 6, 8, 93 A 265.

It needs no citation of authorities or enumeration of all the provisions of the statute to show that the testimony of Dr. Berkley could not properly have been admitted as a deposition. It is sufficient to say; it was not taken upon proper notice and citation; it was taken before the full court and not before a magistrate as provided in the statute; it was not written out and then subscribed and sworn to by the witness and it was not subscribed and sealed up by any magistrate before whom it was taken. The formalities in connection with its taking might have been waived by agreement but they were not in this case. *Farmers & Mechanics Bank* v. *Hathaway,* 36 Vt 539.

It remains to consider whether the testimony could have been legally taken and used upon any other theory than by deposition. We have seen that it was taken because a physical condition rendered the witness incapable of traveling and appearing in court. We are aware that in this state testimony in situations comparable to this has been taken before the full court or the Presiding Judge

and read to the jury by agreement of counsel. We have never known of its being done over the objection of counsel.

In the case of *Farmers & Mechanics Bank* v. *Hathaway, supra,* the court had before it the admissibility of a deposition that was not taken in accordance with the statute and in discussing the matter this court said at page 546 "As to the deposition of Hodgkinson. It was not taken in the mode prescribed by statute. Evidence of witnesses may be given in two ways, by producing the witness upon the stand and in the cases provided by statute, by deposition taken in the manner prescribed by the statute. We know of no other modes in cases falling within the provisions of the statute, by virtue of any law in force in this state. If the parties agree to testimony being given in some other mode, that stands upon the agreement and not upon the law providing a mode." Here there was no agreement.

■ After issue joined by answer or default every witness must testify in open court or under commission. 64 CJ Trial Par. 138.

■ In jury trial cases, it is the province of the jury to determine questions of fact arising in the case on trial and their presence at every stage of the trial at which such issues are presented is essential. This does not preclude excusing the jury during discussions of questions of law as well as during preliminary hearings to determine the competency of evidence. 53 Am. Jur. Trial, Par. 21.

■ In the absence of statute prohibiting it, court may be held at a place other than the court house. *Bates* v. *Sabin,* 64 Vt 511, 24 A 1013; Anno. 43 ALR 1516-1561. The claimant says that the court was being held and in session when Dr. Berkley's testimony was being taken at his house. Assuming, without deciding, that this was so, it does not follow that the testimony was properly taken and used. The annotation in 43 ALR supra which is relied upon by the claimant has to do with the place of trial and the editor makes the following statement: "In a majority of cases, and by what seems the better rule (unless prohibited by statute) it is held that the trial court may in its discretion adjourn court to the house, or residence, of a sick witness who, because of his illness, is unable to attend at the court house, and there take his testimony; and that the validity of the proceedings is not affected thereby, provided there is no abuse of discretion, the parties are not put to substantial inconvenience, their rights prejudiced, etc." The editor then cites cases from nine states and

Canada in support of the statement. These cases are full authority for the purpose cited but they do not support the contention of the claimant here. In reading them it is disclosed that in all of them the trials were being had by the court without a jury or the parties consented that the court might be held at the place where the testimony was taken or the jury went with the court and heard the witness testify.

In the case of *Commonwealth* v. *Trinkle*, 279 Pa 564, 124 A 191, cited in the annotation, which was a prosecution for murder and which is quoted from by claimant in her brief, the judge, jury, prosecuting attorney, defendant and his counsel, defendant's relatives, newspaper men and such members of the general public as were able to get into the room were present when the witness was sworn, examined and cross examined.

The claimant also relies upon *Proulx* v. *Parrow*, 115 Vt 232, 56 A 2d 623, but that case is not in point. There the testimony had been legally taken in a previous case; the witness had deceased and the question at issue was the right to use it because of the identity of interest of the parties, the issue involved and the opportunity for cross examination.

In the absence of agreement, the only method of taking testimony is by deposition in accordance with the statute or by the witness appearing in open court and testifying. In cases tried by jury, unless otherwise agreed upon or properly taken by deposition, the testimony must be given in the presence of the jury. The proceedings, either jury, court or chancery trials, may be held at any lawful place where the court, in its discretion, properly exercised, decides is advisable. The testimony of Dr. Berkley was not so taken and its admission and use was error. It was not cured by the fact that counsel for the estate was present and cross examined the witness. He seasonably objected to both the taking and use. The testimony could not be used over the objection if it was illegally taken. *Farmers and Mechanics Bank* v. *Hathaway, supra*. This exception must be sustained.

The estate excepted to the denial of its motion for a directed verdict. The grounds relied upon here are: (1) That the claimant failed to establish any contract, express or implied, between herself and Mrs. Peters. (2) That the claimant's services were performed gratuitously and without any expectation of receiving any pay other than receiving the home place of Mrs. Peters from her estate by way of compensation. (3) That the claimant did receive

the expected bequest or devise of the home place so her claim was paid and satisfied. (4) That the only testimony as to the value of the claimant's services came from Dr. Berkley and his testimony was improperly admitted.

It was not necessary for the claimant to show an express agreement to pay. It was sufficient to show that the deceased expected to pay for the services and that the claimant expected payment. Such expectations could be shown by the circumstances under which the services were performed, the situation and surroundings of the parties, their pecuniary circumstances and the declarations of the deceased. *Westcott* v. *Westcott's Estate,* 69 Vt 234, 237, 39 A 199.

No definite rule can be laid down in regard to what the circumstances must be to show mutual expectation to pay for the services. Each case, in this respect, is made to turn largely upon its own peculiar circumstances. *Sawyer* v. *Hebard's Estate,* 58 Vt 375, 376, 3 A 529.

Even though the evidence is undisputed, it may be of such a character as to afford grounds for opposing inferences of fact and, if so, there is a jury question. *Collins* v. *Fogg,* 110 Vt 465, 469, 8 A 2d 684; *Horicon* v. *Estate of Langlois,* 115 Vt 470, 476, 66 A 2d 16. That is the situation here. Grounds 1, 2 and 3 of the motion may be considered together. On behalf of the claimant we have the testimony that she boarded and roomed with Mrs. Peters from 1941 to 1943 and they became well acquainted; some time before 1943 the claimant told Mrs. Peters she was going to leave and Mrs. Peters cried and begged her not to do so and said some day the home place would be hers; that claimant continued to stay and they lived together; that in 1945 Mrs. Peters became seriously ill and was in the hospital for operations and deceased in May 1946; that during that time, except for her short stays in the hospital, the claimant assumed her entire nursing care under the doctor's direction; that Mrs. Peters told the claimant during that time that some day she would get her pay and she hoped when she was gone there would be money enough left to pay her well. On behalf of the estate we have the testimony that there never was any talk between the claimant and Mrs. Peters about compensation for claimant's work other than what has just been mentioned; that there was no agreement as to price and that Mrs. Peters did will the claimant her home place valued at $4500. It is not necessary to review the testimony more fully.

It is sufficient to say that with the above evidence in the case and much more pertaining to the relationship of the parties, their conduct and the nature of the services there was a jury question as to the mutual expectations of the parties and whether the claim was paid and satisfied by the devise or bequest of the real estate. The motion was properly denied as to these grounds.

That part of the motion (No. 4) that the testimony of the value of claimant's services all came from Dr. Berkley and it was improperly admitted remains for consideration. We have held that inadmissible testimony received under objection is not for consideration in passing upon a motion for a directed verdict. *Jones* v. *Gay's Express,* 110 Vt 531, 535, 9 A2d 121. An examination of the transcript discloses that the testimony of Dr. Berkley had to do with the kind, quality, amount and value of the claimant's services. It was the only evidence she had as to the value of her services and was vital to her case on that issue. If we should grant the motion on this ground and enter final judgment here against her without consideration of this testimony, it would be an injustice to her as she would be deprived of a trial without this testimony in the case. Her attorney asked to have the testimony taken by deposition. It could have been done in that manner. She should not be prejudiced because the court adopted another and improper method.

We have the discretionary power to remand a case that no injustice may be done. *Brown* v. *Maryland Casualty Co.,* 111 Vt 30, 37, 11 A2d 222, 129 ALR 1404; *Shea* v. *Pilette,* 108 Vt 446, 455, 189 A 154, 109 ALR 933, and cases cited. We will adopt that procedure here as a matter of discretion and without indicating how we would view the matter if we considered applying the rule in *Jones* v. *Gay's Express,* supra, to the present case. We, therefore, give no further consideration to the 4th ground of the motion.

What we have said concerning the motion for a directed verdict disposes of the motion to set aside the verdict as both are based upon the same grounds. *Appleyard Motor Transportation Co.* v. *Ray Co.,* 115 Vt 519, 523, 66 A2d 10, and cases cited.

*Judgment reversed and cause remanded.*

## On Motion For Reargument

ADAMS, J. The claimant's motion for reargument is based upon

two grounds:—(1st) That the Court in its opinion relied solely upon statements made in *Pratt* v. *Battles,* 34 Vt 391, and in *Farmers & Mechanics Bank* v. *Hathaway,* 36 Vt 539, and that the Court misconceived the force and effect of these cases as precedents and when correctly examined and appraised they do not support the opinion in the present case. (2nd) That the Court overlooked or disregarded the claimant's argument on this point as contained in sec. II of her original brief and in her supplemental brief.

We have again carefully read and studied the opinions in those cases and are satisfied that they are ample authority for our holding in the present case. Furthermore, the opinion shows that the Court did not rely solely upon those cases as authority for its opinion. We were discussing in the opinion testimony taken for use in court in the particular case on trial or to be tried and not evidentiary statements as the claimant states in her brief accompanying this motion. The opinion clearly shows this and is to be so understood.

We gave full and careful consideration to the claimant's brief and her supplemental brief. The opinion shows that we did as we mentioned many of the cases and authorities cited by the claimant and distinguished some particularly relied upon. None of them were overlooked and all were given due and careful consideration. We find no reason for changing the result already announced.

*Motion for reargument denied. Let full entry go down.*