RANNEY'S ADMR. *v.* ST. JOHNSBURY TRUCKING CO., INC.

(68 A2d 697)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ.

Opinion filed October 4, 1949.

*Arthur L. Graves, Frederick G. Mehlman* and *Kyle T. Brown, Jr.,* for the plaintiff.

*McNamara & Larrow* for the defendant.

CLEARY, J. This is an action to recover for the death of plaintiff's intestate, who was a paying passenger on a bus which was in collision with defendant's tractor-trailer. The only question raised and briefed by the defendant is to the denial of its motion for a directed verdict based upon the contention that the driver of defendant's tractor-trailer was not negligent because of so-called "undisputed physical facts" claimed to establish the exact place of the collision.

In reviewing the denial of defendant's motion we must consider the evidence in the light most favorable to the plaintiff and must give consideration to such inferences as might reasonably be drawn by the jury from the facts appearing in evidence. We must exclude the effect of modifying evidence and, if there is any substantial evidence fairly and reasonably tending to support the plaintiff's claim, the issue of the defendant's negligence was for the jury. *Perkins* v. *Vt. Hydro-Electric Corp.,* 106 Vt 367, 399, 177 A 631; *Gregoire* v. *Willett,* 110 Vt 459, 461, 8 A 2d 660; *Domina* v. *Pratt,* 111 Vt 166, 171, 13 A2d 198.

The accident occurred in broad daylight. Near the scene the highway is straight for a distance of 350 feet northerly and 1500 feet southerly. The sun was almost directly ahead of the bus and bothered the driver so he was looking through the right hand corner of his windshield toward the shoulder of the highway to see that he stayed on his own side of the road. Both the driver and one

of the passengers testified that the bus was on its own side of the road at the time of the collision.

The defendant's truck consisted of a tractor and an aluminum trailer body. The length of the tractor was not shown but the trailer was 28 feet long and about 8 feet wide. Both tractor and trailer had dual rear wheels with each tire 10 inches wide. The truck driver testified that when he first saw the bus it was 1500 feet away and 8 or 10 inches over the center line of the highway, and, as the bus approached, it gradually got farther to the left until, when it was about 75 feet away, the bus was at least 3 feet on its wrong side of the road. The truck driver noticed that the bus driver was looking to his right with his head tipped down and acted as if he could have been blinded by the sun. From the time he first saw the bus and as he watched it approaching it looked to the truck driver that, if the two vehicles kept the courses they were in, they would come together. Yet he was pretty close to the bus when he pulled to his right and at the time of the collision the vehicles were traveling parallel.

At the place of the accident the black topped hard surface of the road is 19 ft. and 5 inches wide with a 2½ foot graveled shoulder on each side. The painted center line of the highway is 5 inches wide. After the accident the pavement over which the defendant's truck had traveled showed a skidmark 34 feet long ending at the edge of the pavement 7 feet northerly from the center of the outside right rear wheel of the trailer where it had come to a stop. At its northerly end that mark was 2 feet 8.4 inches from the westerly edge of the black top and it continued in a straight line for more than half of its distance.

The defendant's driver testified that the tractor and trailer were equipped with air brakes on all wheels and that they were working properly; that when he was 100 feet south of the bend and noticed the bus over the center line of the highway he took his foot off the gas pedal and slowed down a little, that after he had traveled the second hundred feet in the straight away he just touched the brake pedal and reduced his speed to between 25 and 30 miles an hour; that there was no change in the operation of the bus or in the manner it was approaching, that the reason he did not apply his brakes hard was because he thought the bus driver would get on his own side of the highway, that he put his brakes on hard when the vehicles were about 75 feet apart but it wasn't until he was about 50 feet from the bus that he turned to the extreme right.

16

■ The truck driver had the right to assume that the bus driver would observe the law and seasonably move over to his own side of the highway so as to pass without interference and the truck driver had the right to proceed on that assumption until he saw, or in the circumstances ought to have seen, that it was unwarranted. But such an assumption must not be persisted in after the actor knows facts showing that it will not be true. *Hatch* v. *Daniels,* 96 Vt 89, 94, 117 A 105. So when the truck driver saw, or ought to have seen, that the bus driver would not get out of the way, he was bound to exercise the care of a prudent man to avoid injuring the plaintiff's intestate. Whether he did so under the facts prevailing here was for the jury to decide.

The defendant claims that the point where the two vehicles collided was shown by two sideway skid marks which, the defendant says, were caused by impact and were made by the tractor's left rear wheels going sharply to the west of the road, i. e., the right as the tractor was proceeding. The defendant contends these are undisputed physical facts demonstrating conclusively that at the time of the collision the truck was at its extreme right of the highway and that the bus was over the center line. But the witness who testified to them, Officer Fitzsimmons, gave the evidence only as his opinion and not as an exact but an approximate indication of where the two vehicles came together. His credibility as a witness was for the jury to determine.

■ The existence of the two marks referred to was undisputed but that was so of several other marks favorable to the plaintiff's case which the jury could consider of equal or even greater importance than the two selected by the defendant for its motion. The connection of these two particular marks with the question at issue was warmly disputed so defendant's motion for a directed verdict was properly overruled. *Izor* v. *Brigham,* 111 Vt 438, 442, 17 A2d 236; *Johnson* v. *Cone* et al, 112 Vt 459, 463, 28 A2d 384; *Peck* v. *Gluck,* 113 Vt 53, 56, 29 A2d 814.

Whether defendant's driver failed to proceed with due care to avoid the accident and failed to keep as close to his right side of the highway as reasonably practicable, as charged by the plaintiff in his declaration, were questions still in the case for the jury to decide even though the two skid marks referred to were evidence of the point of collision. *Therefore the judgment of the lower court is affirmed.*