**Richard W. Sivret v. Robert L. Knight and Century Indemnity Co.**

[109 A2d 495]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed November 9, 1954.

*Gelsie J. Monti* for the claimant.

*Clayton H. Kinney* and *Lawrence C. Jones* for the defendants.

**Chase, J.** This case originated in a claim by the claimant against the defendants for benefits under the Workmen's Compensation Law. This claim was heard by the Commissioner of Industrial Relations on July 25, 1950. On November 17, 1950 the Commissioner found that the claimant had on October 24, 1949 received a personal injury by accident arising out of and in the course of his employment by the defendant Knight and awarded him compensation of $25.00 a week for temporary total disability. The Commissioner further found that he was unable to determine the extent of the claimant's temporary disability after July 25, 1950 and his permanent partial disability and left these questions open for determination either by agreement or upon further hearing. On September 12, 1951 the claimant made his application for a further hearing "to determine the amounts due to him by reason of his total disability or permanent partial disability after July 25, 1950." This application was apparently not vigorously pressed for no hearing was had until February 8, 1953.

In his findings made September 18, 1953, the Commissioner stated that payments for compensation due claimant

and for medical and hospital expenses from date of accident to April 2, 1951 had been paid. The Commissioner further found that on April 2, 1951 the claimant had a permanent partial disability of 25% and awarded him $25.00 a week for 65 weeks as compensation therefor. On September 25, 1953, the claimant filed his notice of appeal from the findings, decision and order of the Commissioner in which he stated:

"The questions of fact and the questions of law and fact which the claimant desires to have reviewed by said County Court within and for said County of Orange are: Has the claimant been totally disabled for work because of the injury in this cause which arose out of and in the course of his employment since April 2, 1951?"

The Commissioner certified the foregoing question to the Orange County Court as requested. A trial by jury was had which resulted in a verdict and judgment that the claimant had had no total disability becuase of his injury since April 2, 1951 but that he had had a 30% permanent partial disability since that date. This case is here on the bill of exceptions of both parties.

At the close of the claimant's evidence the defendants moved that the court direct the jury to answer the question certified by the Commissioner "No." At the request of the claimant the court deferred action on this motion until the close of all the evidence at which time the court granted the motion and allowed the claimant an exception.

After the court had granted the motion of the defendants the claimant moved "that the court instruct the jury to bring in a verdict that the plaintiff had been totally disabled for the period from April 2, 1951, through September 25, 1953, as upon the uncontradicted evidence, acting reasonably, a jury could not find any other verdict." This motion was denied and the claimant allowed an exception.

These motions raise the question of whether one who has performed services for pay such as the evidence discloses this claimant has can be totally disabled for work within the

meaning of the Workmen's Compensation Act. This depends upon the construction to be given the term "total disability for work." *Roller* v. *Warren*, 98 Vt 514, 517, 129 A 168, 169.

The term "incapacity for work" means loss of earning power as a workman in consequence of the injury, whether the loss mainfests itself in inability to perform such work as may be obtainable or inability to secure work. It may mean physical inability to do work so as to earn wages, or it may mean inability to earn wages by reason of inability to get employment. But the lack of opportunity to work must not be due to the servant's fault or to general business depression. A man is physically able to work within the meaning of the Workmen's Compensation Act, when he can do so without endangering his life or health and he is not required to continue to work if it will cause him to suffer serious discomfort and pain while so engaged. Total incapacity for work does not imply an absolute disability to perform any kind of labor. A person who is disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is ordinarily regarded as totally incapacitated. The test is not whether the injured employee is totally incapicatated from performing the same kind of labor as he was performing at the time of his injury but whether he is capable of performing any kind of available work. His incapacity for work is total not only so long as he is unable to do any work of any character but also while he remains unable as a result of his injury either to resume his former occupation or to procure remunerative employment at a different occupation suited to his impaired capacity. *Roller* v. *Warren*, 98 Vt 514, 518, 519, 129 A 168. The claimant claims, on the facts in this case, he is totally disabled under the foregoing rule.

From the evidence the jury, acting reasonably, could have found that claimant's injuries consisted of two fractures of the pelvis, a fracture of a bone in his right hand, contusions of the back and some injury to his nose. Subsequently a bump formed on his right hip. The claimant was hospitalized October 24, 1949—the day of his accident—and was discharged January 6, 1950. Ever since his discharge from

the hospital the claimant has, without letup, suffered pain of varying degrees of intensity in his back, in both hips and in his right leg from the groin to the knee. This pain causes claimant discomfort when walking, when bending, when sitting and when lying down and interferes with his sleeping. The claimant worked for the Randolph Furniture Company from April 2nd, 1951 through October 3rd, 1951 for ninety cents an hour for a forty hour week with time and a half for overtime. During the twenty-seven weeks the claimant worked there were seven weeks in which he worked less than forty hours and twenty weeks in which he worked overtime. The claimant's overtime amounted to 71.4 hours, his time lost amounted to 56.9 hours. On October 3rd, 1951, the claimant was operated on for cancer of the large intestine and on October 18, 1951, reoperated on. On October 27, 1951, a hemotoma was incised and the claimant was operated on for a fecal fistula. The claimant was discharged from the hospital on November 20, 1951. In March or April the claimant obtained a job scaling lumber for the Randolph Furniture Company but he never started work because the Furniture Company went into receivership. During the summer of 1952 the claimant applied for work at the L. W. Webster Co. in Randolph but was advised they were not hiring anyone. Later the claimant had enquiries made to see if he could obtain work at the Cone Automatic in Windsor and was told he couldn't. The claimant applied for Unemployment Compensation and told the Unemployment agency that if they got him a job he would take it. No job was ever offered. In May, 1953 the claimant worked at the Randolph hospital washing windows. On July 1, 1953 the claimant bid off a job carrying mail between the railroad station and the Post Office in Randolph. At the time of the trial below the claimant was working at this job and he was also working at Fritzel's in Randolph assembling toys. The work at Fritzel's was expected to end in about a week. The claimant has an arthritic condition of long standing which was lighted up by his accident but which is not attributable to his accident. His arthritis has progressed to a point where it is a contributing factor to his present disability. The claimant is one hundred

per cent disabled so far as doing heavy work steadily is concerned. He can do light work but probably not without some pain since he complains of having pain all of the time. According to Dr. Woodruff, a witness called by the claimant, he has an overall disability of twenty-five per cent due to his injuries and his arthritis. The cancer operation was apparently successful and none of his present disability is attributable to it according to Dr. Woodruff. The claimant insists, however, that he has never completely recovered from the cancer operation and that his present trouble is due to it and his other troubles in a fifty-fifty ratio. Dr. Jennings attributes claimant's present disabilty partially to the cancer but cannot say to what percentage.

In his brief the claimant argues that there was not sufficient evidence to submit to the jury the question of whether the claimant was partially disabled; that upon the uncontradicted evidence the jury, acting reasonably, could not find any other verdict than that of total disability; that any verdict other than total disability of the claimant would have to be based on conjecture and speculation; that his pains were so severe that he was physically unable to do the work he did do and that he was unable to find light work he could perform. From the undisputed facts that while the claimant was working at the Randolph Furniture Company prior to his cancer operation he had substantial overtime during twenty of the twenty-seven weeks he worked; that he has worked continuously since July 1, 1953 carrying mail and assembling toys; that he was as many weeks recovering from a cancer operation from which he says he has not yet entirely recovered; that he was physically able to perform light work; that he had an overall disability of twenty-five per cent and from the lack of any evidence that the work he has done endangered his life or health or was unwise or was other than satisfactory to his employers, a jury, acting reasonably, could have found that the claimant was not totally disabled; that his inability to find light work was not due to pain which could be attributed to the injuries received in the accident; that such pain as was attributable to the injuries was not so severe that it interfered appreciably with his performing such work as he did perform.

■ The claim of the claimant that his testimony as to his pain and discomfort and as to his inability to work is uncontradicted and therefore the general rule that where a credible witness testifies directly and positively to a 'fact and is not contradicted and there are no circumstances shown from which an inference against the fact testified to can be drawn, that fact may be taken as established should apply is not well taken for, in the instant case, there are many circumstances shown from which inferences against the facts testified to by the claimant can be drawn. "It sometimes happens that although the evidence is undisputed, it is such as to afford ground for opposing inferences of fact in the minds of reasonable men. When the evidence is of such a character, it is for the jury to consider it." *Collins* v. *Fogg*, 110 Vt 465, 469, 8 A2d 684, 686, and cases cited.

The ground of claimant's exceptions to the granting of defendants' motion and the denial of his motion is that upon the uncontradicted evidence the jury, acting reasonably, could not find any other verdict than that of total disability. We have seen that this ground is not supported by the facts, so error is not made to appear.

The court submitted to the jury the following question:

> "What percentage of disability, if any, has the claimant suffered as a result of the accident which occurred October 24, 1949, since the date of April 2, 1951?"

■ Both parties have excepted to the submission of this question to the jury. The claimant has not briefed his exception, therefore it is waived. *Little* v. *Loud*, 112 Vt 299, 301, 23 A2d 628. The defendant argues that the question submitted by the court has no relation to the question certified by the commissioner and that the court is without jurisdiction of any question other than that of total disability.

■ In considering the exception of the defendants to the submission to the jury of the percentage of disability of the claimant it should be borne in mind that the Commissioner found that the claimant had a twenty-five per cent permanent

350

partial disability, and made an award accordingly. The decision of the Commissioner on this issue was unsatisfactory to the claimant. It was from that decision that an appeal was taken. The review contemplated by the statute is a retrial *de novo* on evidence produced before the County Court of such questions of fact or mixed questions of fact and law as may be certified by the Commissioner and the jurisdiction of the county court is limited to considering those questions. It does not follow, however, that such questions must be submitted to the jury in the exact language used by the Commissioner. The language used in instructing the jury, provided the subject matter is fully and correctly covered, is within the control of the trial court. V. S. 47, §8125; County Court Rule No. 7, §4; *Pitts* v. *Howe Scale Co.*, 110 Vt 27, 35, 36, 1 A2d 695.

Since it was from the finding and award of the Commissioner as to the degree of permanent disability of the claimant that he appeared, it necessarily follows that this was the subject matter to be retried *de novo* by the county court. One issue before the county court was, what permanent disability, if any, has the claimant suffered since April 2, 1951 by reason of the accident which occurred October 24, 1949. The question which the court submitted to the jury was material to this issue. It was not error to submit it.

The claimant offered to show that the reason he worked after April 2, 1951 was his dire and severe financial circumstances; that he had to work or starve. This offered evidence was excluded by the court and the plaintiff allowed an exception.

The claimant states in his brief that the offered evidence "bore on the crucial issue of the motivating reason for claimant's return to work and its exclusion deprived the claimant of a most important piece of testimony for the consideration of the jury on this question, which was the real issue in the case," and that the claimant was entitled to show that his working while under severe pain and while physically unable to work was caused by his dire and severe financial circumstances; that it was a case of work or starve. The claimant

does not assert that the offered evidence had any tendency to prove that he was totally disabled. His only claim for it is that it tended to make more probable other evidence in the case as to his total disability. In holding that the claimant was not entitled to a ruling by the court that he was totally disabled, as a matter of law, we have given him full benefit of the tendency of his evidence. In this situation, the offered evidence could add nothing. If there was any error in excluding the offered evidence, which we do not decide, it has become harmless.

The claimant has briefed five exceptions under the heading, "The court erred in its charge to the jury." We will discuss them in the order briefed.

(a) The first exception was to the court's submitting to the jury the issue of a verdict for the defendant. Since the jury rendered a verdict for the claimant any claimed error is rendered harmless.

(b) The next exception was to the failure of the court to charge the jury that the claimant was entitled to a verdict of at least twenty-five per cent disability. Since the issue of claimant's disability was being tried *de novo* and the jury rendered a verdict for the claimant of thirty per cent disability, no error is made to appear.

(c) The argument of the claimant is that if we hold that there was no error in directing the jury to answer "No" to the question as to his total disability and that there was no error in denying his motion to direct the jury to find, as a matter of law, he was totally disabled, then there was error in failing to submit to the jury the question of the claimant's total disability. No authority is cited in support of this somewhat unusual contention. The transcript references in claimant's brief under this heading are to testimony and discussion by counsel prior to the charge. Claimant does not point out any exception to the charge to which this argument is directed and a study of claimant's exceptions to the charge fail to reveal any. No error is made to appear.

(d) In support of his next claim of error the claimant says, "It was the duty of the Court to charge that a workman

is not required to work when the working will cause him severe pain, as in this case, and if he works at the expense of his health that he is still entitled to compensation." And that he excepted to the failure to so charge. He relies on the Roller case, *supra,* in support of this claim of error. If the question of total disability had been put to the jury the court should have so charged. This question was not submitted nor was any request made to so submit, nor exception taken to the failure to submit. Under these circumstances, there was no error in not so charging.

(e) The final exception to the charge is based on claimed error in directing the jury to answer "No" to the certified question. We have already disposed of this claim.

*Judgment affirmed. To be certified to the Commissioner of Industrial Relations.*