## William E. Smith v. Yves A. Brasseur

(125 A2d 815)

May Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams, and Hulburd, JJ. and Sylvester, Supr. J.**

Opinion Filed October 2, 1956.

*Witters, Longmoore & Akley* and *Rudolph J. Daley* for the defendant.

*Pierce & Drown* for the plaintiff.

**Cleary, J.** This is an action of tort for the alleged negligence of the defendant in operating his automobile, which resulted in personal injuries to the plaintiff. Trial was by jury with a verdict and judgment for the plaintiff. At the close of the plaintiff's case, and at the close of all the evidence, the defendant moved for a directed verdict in his favor. After verdict and before judgment the defendant moved that the verdict be set aside and that judgment be entered for the defendant. To the overruling of each of these motions the defendant was allowed exceptions. He has briefed them together and his only claim is that the plaintiff was guilty of contributory negligence as a matter of law.

Viewed in the light most favorable to the plaintiff the jury, acting fairly and reasonably, could have found the following facts. The accident occurred about 4:10 P. M. on December 14, 1953 on the hard surfaced highway running in a general northerly and southerly direction from North Troy, Vermont to the Canadian border. The locus was at the outer limit of the village of North Troy and within a 25 miles per hour speed zone. There were no sidewalks or crosswalks in the vicinity and the highway was not much travelled at that time of the year. The plaintiff's home was on the westerly side of the highway. There were no houses on the easterly side of the road.

Just previous to the accident the plaintiff and his neighbor, Leonard White, were passengers in the automobile of a fellow

employee, Chick Hamelin. White left the car a few hundred feet southerly of the plaintiff's house. Hamelin next stopped his car on the easterly side of the road, opposite the north side of the plaintiff's house. At this point one could see northerly along the highway 300 feet to a curve in the road. The plaintiff got out of the car and looked north when he shut the 'door. No car was then in sight in that direction. The plaintiff then walked in a southerly direction diagonally across the road toward the driveway of his home, a distance of 24 feet and, when about 1-½ feet easterly of the center white line of the road, was struck by the defendant's car and was severely injured. The point of contact was inside the fender of the car. The plaintiff never looked north at any time after he en tered upon the highway but continually looked south where he could see at least 500 feet. No car was coming from the south and he knew there was no danger from that direction. The defendant did not blow his horn as he approached the plaintiff.

The defendant claims that it cannot avail the plaintiff to say that he looked toward the north when he shut the door after alighting from the Hamelin automobile, that he could then see the road clear up to the curve and he saw no traffic coming from that direction. The defendant relies on *Eagan* v. *Douglas*, 107 Vt 10, 15, 175 A 222; *Bressett* v. *O' Hara*, 116 Vt 118, 121, 70 A2d 238; *Hastings* v. *Soule*, 118 Vt 105, 109, 100 A2d 577; and *Smith* v. *Grove*, 119 Vt 106, 111, 119 A2d 880, for the proposition that it will be presumed that the plaintiff saw what was within the range of his vision if he had looked and it will not avail him to say that he looked and did not see what he could not have helped seeing if he had looked. The defendant clams that either the plaintiff did not look as the plaintiff testified, or he must have seen the defendant's car, and, in either case, the plaintiff was guilty of contributory negligence as a matter of law.

■ In arriving at that conclusion, he says the evidence is that the defendant was going not over 25 miles an hour. This was his testimony. But the plaintiff's witness Hamelin testified that, when the plaintiff opened Hamelin's car door to get out, Hamelin did not notice any cars approaching from the north:

that, after Smith got out, Hamelin started his car in low gear and had gone some 140 or 150 feet from the point where he had stopped before he met a car coming from the north and that was the only car he met after he started his car. The plaintiff testified that, after getting out of Hamelin's car, he started to cross the road and had walked 24 feet diagonally toward the south, at possibly three miles an hour, when the defendant's car hit him. From this evidence the jury, acting fairly and reasonably could have inferred that the defendant was going considerably faster than 25 miles an hour and that, when the plaintiff looked toward the north, the defendant's car was not within the plaintiff's line of vision. Because the evidence was such as to afford ground for opposing inferences of fact, it was for the jury to consider, so the defendant's claim is not sustained *Sivret* v. *Knight*, 118 Vt 343, 349, 109 A2d 495; *In re Peter's Estate*, 116 Vt 32, 38, 69 A2d 281; *Horicon* v. *Estate of Langlois*, 115 Vt 470, 476, 66 A2d 16, 9 ALR2d 195; *Collins* v. *Fogg*, 110 Vt 465, 469, 8 A2d 684.

The defendant also claims that we should hold the plaintiff guilty of contributory negligence as a matter of law because he failed to look again to the north from the time he entered upon the hard surfaced road, until he was hit by the defendant's car. This presents a more difficult question. The undisputed evidence is that, at the place of the accident, the hard surfaced road is 18¾ feet wide, that, at the moment of contact, the plaintiff was inside the fender of the defendant's car, and as stated supra, the jury could have found that he was then 1½ feet easterly of the center white line of the road.

The burden was on the plaintiff to produce evidence, direct or circumstantial, from which the jury could reasonably infer that he was in the exercise of due care. *Aiken* v. *Metcalf*, 90 Vt 196, 198, 97 A 669; *Hill* v. *Stringer*, 116 Vt 296, 299, 75 A2d 657. At first glance, it must be admitted, it is difficult to say that he met the requirements of this rule, for he could have avoided the accident easily enough if he had looked toward the north while he was crossing the highway. But in considering whether he was in the exercise of due care, several legal rules must be kept in mind.

 The plaintiff and defendant had equal and reciprocal rights in the use of the highway, and each was bound to so make use of his own right as not to interfere with that of the other. *Aiken* v. *Metcalf, supra,* 198; *Bombard* v. *Newton,* 94 Vt 354, 356, 111 A 510, 11 ALR 1402; *Peno* v. *Bushey,* 110 Vt 260, 262, 4 A2d 339. Each was bound to exercise due care; but the degree of watchfulness which this rule imposed upon them was not the same. The defendant was driving a machine, which, on account of its speed and weight, was capable of doing great damage, and the law puts upon one so situated a greater and more constant caution. He was bound to exercise care commensurate with the dangers arising from a lack of it. While the rule which applies to the plaintiff is the same in terms, it is not the same in its practical application. *Aiken* v. *Metcalf, supra.*

 The look and listen rule applicable to one approaching a railroad crossing and the constant vigilance rule do not apply to a pedestrian using the public highway. *Aiken* v. *Metcalf, supra,* 199; *Dervin* v. *Frenier & Carmody,* 91 Vt 398, 401, 100 A 760; *Hammond* v. *Harjohn,* 95 Vt 308, 313, 115 A 100; *Eagan* v. *Douglas,* 107 Vt 10, 15, 175 A 222; *Rush* v. *Cody,* 107 Vt 326, 330, 178 A 891; *Duchaine* v. *Ray,* 110 Vt 313, 320, 6 A2d 28; *Colburn* v. *Frost,* 111 Vt 17, 22, 9 A2d 104; *Izor* v. *Brigham,* 111 Vt 438, 443, 17 A2d 236. The law does not impose upon him these hard and fast rules of conduct. It simply requires the measure of care that a prudent man would exercise in the same circumstances. But as circumstances vary, so do the practical requirements of the rule vary. A pedestrian on an unfrequented hihgway is not held to the same degree of vigilance when he crosses a road as is the man who attempts to cross a busy city street when crowded with traffic. The circumstances and dangers in each particular case are always to be taken into account in determining what is due care or the evidence of it. *Aiken* v. *Metcalf,* 90 Vt 196, 199, 97 A 669; *Eagan* v. *Douglas,* 107 Vt 10, 15, 175 A 222; *Parro* v. *Meagher,* 108 Vt 182, 188, 184 A 885; *Duchaine* v. *Ray,* 110 Vt 313, 319, 6 A2d 28; *Colburn* v. *Frost,* 111 Vt 17, 21, 9 A2d 104; *Hill* v. *Stringer,* 116 Vt 296, 300, 75 A2d 657.

 When a pedestrian is about to cross a street or road he

must use the care of a prudent man, but the law does not undertake to further define the standard. The law does not say how often he must look, or precisely how far or when or from where. *Aiken* v. *Metcalf*; *Eagan* v. *Douglas*; *Rush* v. *Cody*; *Duchaine* v. *Ray*; *Colburn* v. *Frost*; *Hill* v. *Stringer*, all *supra*. As stated in *Aiken* v. *Metcalf*: "It cannot be laid down as a rule, that in all cases, without regard to the extent to which the street is usually traveled, it is negligence for one on foot to cross it, or walk in it, without looking in each direction to see if a vehicle may be approaching. This expresses the settled law of the subject."

Moreover, the pedestrian has a right to assume, nothing to the contrary appearing, that the automobile driver will obey the law. *Aiken* v. *Metcalf*, *supra*. And this means, when applied to the case in hand, that the plaintiff had a right to assume that the defendant or any other automobile driver, would not drive in a careless or negligent manner, would not exceed the speed limit, would not drive to the left of the center line of the highway, V. S. 47, § 10,219 (V) *Howley* v. *Kantor*, 105 Vt 128, 131-132, 163 A 628, and that such driver would sound his horn, V. S. 47, §10,283; *Porter* v. *Fleming*, 104 Vt 76, 80, 156 A 903; *Healy* v. *Moore*, 108 Vt 324, 328, 187 A 679; *Izor* v. *Brigham*, 111 Vt 438, 444, 17 A2d 236. His own care and diligence is to be measured in view of this assumption. *Porter* v. *Fleming*, *supra*; *Crossman* v. *Perkins*, 101 Vt 94, 98, 141 A 594; *Colburn* v. *Frost*, 111 Vt 17, 22, 9 A2d 104. He had a right to proceed on this assumption until he saw, or in the circumstances ought to have seen, that it would not be true. *Hatch* v. *Daniels*, 96 Vt 89, 93, 117 A 105; *Dumont* v. *Cromie*, 99 Vt 208, 214, 130 A 679; *Jasmin* v. *Parker*, 102 Vt 405, 417, 148 A 874; *Sulham* v. *Bernasconi*, 106 Vt 192, 201, 170 A 913; *Garvey* v. *Michaud*, 108 Vt 226, 233, 184 A 712; *Ranney's Admr.* v. *St. J. Trucking Co.*, 116 Vt 13, 16, 68 A2d 697. Although entitled to the benefit of this assumption, the plaintiff could not for that reason omit any care which the law required of him, as the rule applies only in favor of one whose own conduct measures up to the standard of due care. *Colburn* v. *Frost*, 111 Vt 17, 22, 9 A2d 104; *Duchaine* v. *Ray*, 110 Vt 313, 319, 6 A2d 28; *Eagan* v. *Douglas*, 107 Vt 10, 17, 175 A 222.

The defendant asks us to invoke the rules that a pedestrian attempting to cross a highway at a point where there is no regular crossing is required to exercise greater vigilance than if it had been at a regular crosswalk; and in cities and villages, due care requires pedestrians in all cases to look before starting to cross a main traveled street between intersections, or to look at such time and place as will reasonably be of some benifit in protecting him and giving him knowledge of conditions of traffic. But the cases which the defendant cites are cases where accidents happened on busy city or village streets where crosswalks were provided at intersections. Here the undisputed evidence showed the accident happened on the very outskirt of a country village, in a section with very little travel and sparsely inhabited, with no crosswalk or sidewalk in the vicinity.

We cannot say that a prudent man, after looking north where he could see a distance of 300 feet along the highway, and seeing no traveler was on the road, would not have assumed that he could safely cross as far as he did without looking in that direction again before reaching the center white line of the road. He was not bound as a matter of law to anticipate that while he was walking 24 feet, an automobile, in utter disregard of his presence in the road, would come out of the unseen distance and, while traveling outside of its ordinary and expected lane of travel, knock him down. He had not yet reached the center white line and the jury might reasonably infer that a prudent man would give his chief attention to the possibility of traffic from the south and relax somewhat his watchfulness for the possibility of traffic from the north.

■ Take it all in all, the question of contributory negligence was for the jury. As is usual in such cases, it is easy enough to look back at this accident and see how a little more watchfulness on the plaintiff's part would have saved him; but this is not conclusive against him. He is to be judged by the situation as it appeared or ought to have appeared to him at the time. *Aiken* v. *Metcalf*, 90 Vt 196, 200-201, 97 A 669;

*Duchaine* v. *Ray*, 110 Vt 313, 320, 6 A2d 28; *Colburn* v. *Frost*, 111 Vt 17, 23, 9 A2d 104.

*We find no error in the overruling of defendant's motions. Judgment affirmed.*

**Adams, J.** (dissenting). I am unable to agree with the holding of the majority that the question of the contributory negligence of the plaintiff was for the jury. I cannot subscribe to the conclusions that they "cannot say that a prudent man, after looking to the north where he could see a distance of 300 feet along the highway, and seeing no traveler was on the road, would not have assumed that he could safely cross as far as he did without looking in that direction again before reaching the center white line of the road. He was not bound as a matter of law to anticipate that while he was walking 24 feet, an automobile, in utter disregard of his presence on the road, would come out of the unseen distance and, while traveling outside its ordinary and expected lane of travel, knock him down."

It is my opinion that the factual situation in the instant case does not warrant those conclusions. The majority rely extensively upon *Aiken* v. *Metcalf*, 90 Vt 196, 97 A 669. I do not consider it factually in point. There the plaintiff crossed the street in a country village. He crossed from east to west on a cross-walk that bore diagonally to the north. He had reached a point a step or two from the grass on the westerly side of the street, when he was hit by an automobile coming from the south and his left. It was entirely on its left and wrong side of the street and nearly to the grass line on that side. There, the plaintiff, certainly, would not be bound as a matter of law to anticipate that an automobile would come from that direction and on that side of the street. This Court aptly expressed it there by saying, "the plaintiff was run down by the defendant's automobile." Even on those facts, however, the Court, after disposing of the question of the defendant's negligence by saying that the accident would not have happened if he had exercised any care, then went on to say that the question of the plaintiff's contributory negligence was much more difficult.

I would have no difficulty in concurring with the conclusions and holding of the majority if the plaintiff, when he shut the door of the car from which he alighted and at that time looked to the north and saw no car coming from that direction, had proceeded directly across the street. He did not do that. The car from which he alighted started up and the plaintiff then started across the street, but, instead of traveling directly across it, he took a diagonal southerly course. He did not look to the north again at any time. The street was 18¾ feet wide. He traveled in a diagonal course a distance of 24 feet and when he had reached a point 1½ feet easterly of the center white line, he was hit by the defendant's car which came from the north. If he had proceeded straight across the street he would have reached the westerly side of it and had 5¼ feet additional remaining. Instead of doing that, in traveling a distance of 24 feet, he had reached a point that was only 8⅝ feet from the easterly side of the street from which he started. He chose his own course, not straight across nor on any diagonal cross-walk. The course he followed was approximately in the direction of two-thirds along the street in a southerly direction.

*Aiken* v. *Metcalf, supra,* upon which the majority place so much emphasis was decided in 1916. It seems almost unnecessary to say that the factual conditions in regard to automobile travel and use have materially and greatly changed in 40 years. The danger in crossing streets in country villages and even on what is termed here a "not much traveled" street is entirely different than it was 40 years ago. A not much traveled street is a comparative term. The yardstick by which the care of a prudent person is measured must change accordingly.

The testimony in regard to the plaintiff's conduct comes from his own lips. If he prevails, he must do so upon the basis that his own testimony is true. He looked to the north only once; that was when he shut the door of the car from which he alighted. The car then started along and the plaintiff stepped into the street and started his diagonal course along and across the street. He was required to exercise for his own safety the measure of care that a prudent man would exercise in the same circumstances, *Rush* v. *Cody,* 107 Vt 326, 330, 178 A 891.

He says that there was no car coming when he looked and we must take that as true. However, in considering the motion on contributory negligence only, the plaintiff's negligence must be determined by what he did or omitted to do without regard to the defendant's lack of care. *Seneca* v. *Bleau*, 108 Vt 486, 495, 189 A 139, and cases cited.

It is the rule in this jurisdiction that in a negligence case the burden of showing freedom from contributory negligence is upon the plaintiff. *Wright* v. *Godin*, 108 Vt 23, 25, 182 A 189. The test is whether the want of care and prudence contributed in any degree in point of fact, to the happening of the accident. If it did so contribute the plaintiff cannot recover, for the reason that the court and jury cannot be called upon to determine the proportionate effect of the concurring negligence of both parties; and hence it must appear from all the evidence that the fault of the plaintiff did not contribute at all to the happening of the ac cident. The question is whether it can be said that the plaintiff has sustained his burden of proving by a preponderance of the evidence that his negligence did not contribute to the accident in the least degree. The evidence to sustain this burden must be of such a quality and character as to justify the jury, acting reasonably, to predicate a verdict theron in favor of the plaintiff. *Paquin* v. *St. Johnsbury Trucking Co.*, 116 Vt 466, 470-472, 78 A2d 683, 80 A2d 669. See also *Mc Kirryher* v. *Yager*, 112 Vt 336, 346-347,24 A2d 331 ; *Merrihew's Admr.* v. *Goodspeed*, 102 Vt 206, 216, 147 A 346, 66 ALR 1109.

I agree with the majority when they say that the plaintiff could have avoided the accident easily enough if he had looked to the north while crossing the highway. I am satisfied that, on the facts here, his conduct was not that of a prudent person.

It is my opinion and considered judgment that the evidence was not of such a quality and character as to meet the test set forth in the cases last cited, and that the motion for a directed verdict should have been granted.