Harold D. WORDEN, Appellant,

v.

Alfred COURTEMANCHE, Jr., and Hinsdale Volunteer Fire Department, Appellees.

No. 524, Docket 33114.

United States Court of Appeals Second Circuit.

Argued April 18, 1969.

Decided Aug. 19, 1969.

------◆------

A. Luke Crispe, Ralph Chapman, Leo F. Barile, Jr., Brattleboro, Vt., for appellant.

James T. Haugh, Rutland, Vt., for appellees.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM:

Appellant, a Vermont resident, commenced this action in the United States District Court for the District of Vermont against appellees, New Hampshire citizens, to recover damages for injuries he allegedly sustained when struck and knocked down, while walking along a Vermont rural dirt road, by a pickup truck owned by appellee, Hinsdale Volunteer Fire Department, and operated by appellee Alfred Courtemanche, Jr. Appellant was struck by the rear of the truck as it was slowly backing. The action was tried to a jury which returned a verdict for the defendants. After entry of judgment upon the verdict appellant's timely post-judgment motion to set aside the verdict and for a new trial was denied by the trial judge.

■ Before us on this appeal from the judgment and from the order denying plaintiff's post-judgment motion is whether the trial judge's charge to the jury upon the issue of plaintiff's contributory negligence was inadequate and whether a statement made by the trial judge during a robing room colloquy after the close of all the evidence and before summations prejudicially misled plaintiff's counsel as to the likely breadth of the instructions. Plaintiff's counsel had not, despite Rule 51, Fed.R. Civ.P., at any time submitted written requests to charge and during this colloquy did not avail himself of an opportunity to make oral ones. ·

The colloquy follows:

The Court: Any requests to charge?

Plaintiff's Counsel: No, your Honor.

The Court: At this time, I want to rule on the Defendant's request to charge.

Plaintiff's Counsel: Yes, your Honor, I am ready.

The Court: There are 7 requests, the first 6 of which apply to contributory negligence, and the 7th apparently applies to the finding of lack of negligence on the part of the Defendant. With respect to the 6 requests which pertain to contributory negligence, I am not going to give any one of them as requested, and the charge on contributory negligence will be based on the law set forth in Smith v. Brasseur, 119 Vt. 287 [125 A.2d 815].

The trial judge instructed the jury as follows:

> The Plaintiff as a pedestrian has the duty to exercise that degree of care that an ordinarily prudent man would exercise under like circumstances when the Plaintiff was using the road. You should first consider whether a reasonably prudent pedestrian in the Plaintiff's situation would have foreseen that the accident and the resulting injuries were likely to result from the manner in which the Plaintiff was using the road. Second, you should consider what precautions such a prudent pedestrian would have taken in view of the risk or likelihood of harm to himself that he could foresee from the circumstances then existing. The Plaintiff was negligent if a reasonably prudent pedestrian would have foreseen the likelihood of harm to himself and would have taken greater precautions than you find from the evidence that he took. In determining this question, however, you must consider that the Plaintiff, as a pedestrian, had a right to assume that the Defendant would obey the laws of the state and would not back up his motor vehicle in a negligent manner unless or until that assumption became unwarranted by the circumstances.

Appellant's counsel timely objected to this charge on the ground that the charge should have informed the jury that plaintiff's "degree of care was not the same on a country, gravel road as it would be upon a main travelled highway, and his standard should be judged by the locale * * *."

In Smith v. Brasseur, 119 Vt. 287, 125 A.2d 815 (1956) the Vermont Supreme Court dealt with litigation arising from the fact that in mid-December a motor vehicle struck a pedestrian-plaintiff while he was walking diagonally across a hard-surfaced highway at the outer limit of a Vermont village where there were no sidewalks or cross-walks and the road was not much traveled at that time of year. There had been a verdict for the plaintiff-pedestrian and the issue upon appeal was whether the trial court had erred in denying defendant-appellant's motion for a directed verdict grounded upon defendant's claim that plaintiff's conduct showed that he had been contributorily negligent as a matter of law. Id. at 290–291, 125 A.2d 815.

In analyzing the merits of the appellant's claim the Vermont Court discussed the evidence, and set forth the facts which viewed in the light most favorable to the plaintiff could have been found by a fair and reasonable jury. After discussing the factual setting the court, however, at 292–293, 125 A.2d at 819, reaffirmed as the law of the case the general rule that the standard of care required is that degree of care which a prudent pedestrian would exercise under the same circumstances. "When a pedestrian is about to cross a street or road he must use the care of a prudent man, but the law does not undertake to further define the standard. The law does not say how often he must look, or precisely how far or when or from where."

It is obvious that the general charge objected to here was in line with the rule reaffirmed in Smith v. Brasseur, supra, and was adequate.

█ If a party wishes an adequate general charge to be interlarded with specific references to detailed facts that favor his theory of the case and to contain points he intends to emphasize at summation the burden is upon him to alert the court of his wishes through the privilege granted him by Rule 51, Fed. R.Civ.P.

Affirmed.