JOHN IZOR *v.* JOHN A. BRIGHAM

November Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 10, 1941.

*A. Pearley Feen* and *Louis Lisman* for the defendant.

*Frederick J. Fayette* and *John J. Deschenes* for the plaintiff.

BUTTLES, J. The plaintiff in this tort action seeks to recover damages for the claimed negligence of the defendant in the operation of his automobile, resulting in plaintiff's injury, in Burlington on July 5, 1939. Trial in county court resulted in verdict and judgment for the plaintiff and the case is here on defendant's exceptions. He relies upon exceptions to the overruling of his motions for a directed verdict, to set aside the verdict and for judgment notwithstanding the verdict. We first consider the motion for a directed verdict, one ground for which is that plaintiff was guilty of contributory negligence as matter of law in that he failed to look effectively for approaching traffic before starting to cross the street, and that he also neglected to look again before crossing the middle line of the street.

The evidence taken in the light most favorable to the plaintiff tends to show that King Street is about 35 feet wide; that plaintiff stopped his truck about 3 or 3½ feet from the south curbing; that the truck was six feet wide; that after stopping his truck plaintiff went to the rear of it, weighed out a fifty pound piece of ice with which he stepped to the left rear corner of the truck where he looked to the east, then to the west, and seeing no approaching cars, started across the street in a slightly diagonal direction to the northwest, and had reached a point 3 or 4 feet from the north curb when he was hit by defendant's car. From this evidence it would appear that when he started to cross the

street he was 9 or 10 feet from the south curb and 25 or 26 feet from the north curb. To reach the point where he was hit he would therefore travel more than 21 feet.

There was evidence from which the jury could find that the speed of the defendant's car just before the accident was from 35 to 40 miles per hour. The car had travelled southerly on Pine Street and turned westerly from that street into King Street. The distance from the point where the plaintiff fell after being struck to the northwest corner of the intersection of Pine Street was 166 feet and the distance from the corner of the truck where the plaintiff looked easterly and westerly before starting across the street could not have exceeded this distance by any appreciable amount. In addition to this 166 feet the car would also be visible from where the plaintiff looked for about five feet while in the intersection, this being about the width of the car. Thus the car could only have been seen from the left rear of the truck while within about 171 feet therefrom.

Assuming, as both parties do, that the plaintiff walked at the rate of three miles per hour and that after looking to the east he consumed at least one-half second in looking to the west before starting to cross the street the time that elapsed after he looked to the east and before he was struck was more than 5 seconds. At 35 miles per hour defendant's car travelled 51-1/3 feet per second or 256 feet in 5 seconds. Thus the jury could have found that it was not within plaintiff's range of vision when he looked to the east or when he started to cross the street.

But the defendant invokes the rule that we cannot ignore the undisputed physical facts shown by the record, *Widham* v. *Brattleboro,* 105 Vt. 210, 215, 166 Atl. 22, and that the testimony of witnesses cannot prevail against established physical facts that are inconsistent therewith. *St. Johnsbury* v. *Cenedalla,* 109 Vt. 174, 183, 194 Atl. 382. The defendant relies upon certain skid marks testified to have been in the roadway, the position of plaintiff's truck nearer the middle of the street than is indicated by plaintiff's evidence and the presence in the roadway of a small dent and chips of ice. These, he contends, are undisputed physical facts so established as to come within the rule and show conclusively that the distance travelled by plaintiff before he was hit was so much shorter than we have indicated that plaintiff must

have seen defendant's car if he looked effectively when he says he did.

■ Since a chain can be no stronger than its weakest link it is obviously necessary not only that the existence of the physical facts relied upon, but also their connection with the question at issue be established in order to have the effect claimed. Thus skid marks in the road could not have that effect unless their position as claimed by the defendant was established or was admitted. In *Widham* v. *Brattleboro, supra,* the existence and position of a tire track near the side of the road and of a post which had been scarred or gouged, standing near the end of the track were undisputed. Neither was it disputed that the track had been made by one of the wheels of the defendant's automobile. It was held that the fact that the post had been gouged instead of broken off demonstrated absolutely that the right wheel of the car must have made the track. In *Wellman, Admr.* v. *Wales,* 98 Vt. 437, 129 Atl. 317, the testimony of a witness that a certain lamp could not be clamped to the fork of the bicycle involved in the accident at a height of more than seven inches from the hub of the front wheel was demonstrated to be inaccurate by producing the bicycle and lamp in court and there affixing the lamp at a greater height than seven inches. It was not questioned but that the bicycle and lamp produced in court were the ones involved in the accident. So in *Riggie* v. *Grand Trunk Railway Co.,* 93 Vt. 282, 107 Atl. 126, testimony was given that injury to plaintiff while using a certain railroad jack was caused by its defective condition due to certain parts having become worn. But production in court of the jack involved demonstrated that the parts were not worn as claimed and that with the exercise of due care the jack could be safely manipulated.

■ In the present case the only witness who testified as to the skid marks and the dent in the road was Officer Quinn who claimed to have made certain measurements but only gave approximate distances. His credibility as a witness was for the jury to determine. If he was to be believed then the plaintiff could not have been where his evidence tends to show he was when he was struck. But if plaintiff's witnesses are to be believed then the jury could find that Officer Quinn was mistaken. That is to say there was here a question for the jury. Therefore

it cannot be said that the location of the skid marks made by defendant's car is established as a physical fact. The same reasoning applies to the location of the truck, the ice chips and the dent in the road.

 Defendant further contends that plaintiff was negligent as a matter of law in not again looking for traffic from the east after reaching the middle of the street. There was evidence from which a jury might find that he had then taken but one step of 2½ feet since his previous observation when he had a clear view of 171 feet, but if we assume the distance most favorable to him with respect to the claim of contributory negligence which we have discussed he would have walked no more than 8½ feet. In crossing the middle line of the street he was not stepping from a safety zone into one of danger, even though he had then reached a point where the jury might reasonably infer that a prudent man would give his chief attention to cars approaching from his right. *Parker* v. *Smith,* 100 Vt. 130, 134, 135 Atl. 495; *Duchaine* v. *Ray,* 110 Vt. 313, 319, 6 Atl. 2d. 28. To be sure, the law required the plaintiff in crossing the street between intersections to look at such time and place as would reasonably be of some benefit in protecting him and giving him knowledge of the condition of the traffic. *Eagan* v. *Douglas,* 107 Vt. 10, 15, 16, 175 Atl. 222; *Duchaine* v. *Ray, supra,* at page 319; *Colburn* v. *Frost,* 111 Vt. 17, 9 Atl. 2d. 104, 106. But he was not obliged to use constant vigilance, *Porter* v. *Fleming,* 104 Vt. 76, 80, 156 Atl. 903; *Colburn* v. *Frost, supra; Eagan* v. *Douglas, supra.* The circumstances and dangers are always to be taken into account in determining what is due care or the evidence of it, *Eagan* v. *Douglas, supra; Aiken* v. *Metcalf,* 90 Vt. 196, 199, 97 Atl. 669, and the plaintiff is to be judged by the situation as it appeared or ought to have appeared to him at the time. *Colburn* v. *Frost, supra.* Whether he was guilty of negligence in not looking a second time was clearly a question for the jury.

 It was not error for the court to fail to find that plaintiff was guilty of contributory negligence as matter of law.

 The defendant in support of his motion has briefed the further ground that negligence on the part of the defendant was not shown, either by reason of excessive speed or failure to sound his horn. His argument as to speed is based on the

length of the skid marks, the testimony of the defendant as to the distance within which he stopped his car and the fact that the plaintiff was not run over by defendant's car. But there was no evidence as to the speed indicated by the length of the skid marks. Any inference as to speed that may be drawn from defendant's testimony as to distance within which the car was stopped is contradicted by evidence of speed to which we have referred, and there is no evidence in the case from which speed can be determined from the fact that plaintiff was not run over after being hit. We cannot say that under the circumstances that might here be found to exist a jury could not say that a speed of 35 miles per hour, indicated by the plaintiff's evidence, was negligent.

The defendant testified that he did not think he sounded his horn and there was no evidence that he did so. A duty to sound a signal of his approach rests upon the operator of an automobile when he is approaching a pedestrian who is in danger of being struck by the automobile unless warned of its approach. 42 Corpus Juris 917; *McAvoy* v. *Kromer,* 277 Pa. 196, 120 Atl. 762. Clearly it could not be ruled as matter of law that this defendant was not negligent in failing to sound his horn, or that he was excused from so doing because of lack of time to do so after seeing the plaintiff, or because the sound of his brakes gave sufficient warning of his approach.

Defendant's other motions are based on grounds embraced within those we have already considered and it was not error to overrule all of the motions.

*Judgment affirmed.*