PIERRE NADEAU *v.* ST. ALBANS AERIE, ET ALS.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 5, 1942.

*Frederick W. Wakefield, Jr.* for plaintiff.

*Sylvester & Ready* for defendants.

BUTTLES, J. At the close of all the evidence in this case a defendant's motion for a directed verdict was granted as to the defendant Moore and denied as to the other defendant, against whom alone the case thereafter proceeded. This defendant, hereinafter termed the defendant, is the subordinate body of a fraternal and benefit association of which the plaintiff became a member on Jan. 31, 1937. In so doing the plaintiff was required to and did sign the so-called roll book and thereby agreed to observe, abide by and obey all of the laws, rules and regulations of the Aerie, and of the Order, and all of the amendments thereto which might thereafter be enacted by the subordinate Aerie or by the Grand Aerie. No claim is made that the plaintiff was not fully cognizant of the obligation that he thus assumed as a consideration of being accepted as a member. Along with other activities the defendant undertakes to pay so-called sick benefits to its members who may become entitled thereto. The amounts to be so paid are fixed by the by-laws of the aerie, but the conditions under which such payments become due and the procedure to be followed in obtaining the same are regulated by the constitution for subordinate aeries.

By this action in contract the plaintiff seeks to recover sick benefits alleged to be due him and in his amended declaration he sets up his membership in the order and injuries received on Apr. 7, 1937, and May 3, 1937, with resulting disability. He

states that he made proper application to the defendant and to its secretary for relief and that the defendant and its secretary failed and refused to grant such relief. He does not allege that he complied with certain requirements of the constitution of the order, hereinafter referred to, relative to obtaining benefits. Trial by jury resulted in a verdict for the plaintiff and the defendant comes here on exceptions of which the only one briefed is to the denial by the court of its motion to set aside the verdict and for judgment *non obstante*.

The grounds of the motion upon which the defendant relies are, in brief, that the plaintiff has failed to allege and prove compliance by him with certain requirements of the constitution for subordinate aeries, among which are the following:

Art. 52 Sec. 16, which provides in part that "no aerie or member of the order shall apply to the civil courts for the enforcement of any right or the determination of any question or grievance arising out of membership in the order unless and until such aerie or member shall have first exhausted all means and/or opportunity of redress under and as provided by the laws of the order."

Art. 38 Sec. 27, which requires that in making application for disability benefits the form therein set forth in full should be used, or one of substantially the same import, to be approved by the chief auditor and grand worthy president.

Art. 48 Sec. 2, which provides for the taking of appeals on questions arising within a subordinate aerie from a decision of the worthy president to the judgment of the aerie; from the decision of the aerie to the grand worthy president; and from the decision of that officer to the grand aerie at its next annual session.

The motion sets forth that by the terms of the plaintiff's contract with the defendant his compliance with the sections of the constitution referred to was made a condition precedent to

his right to bring suit, and in the absence of allegation and proof of such compliance the court was without jurisdiction of the case.

These grounds of its motion, except as to the form of the application, had been pleaded in defendant's answer and stated as grounds for its motion for a directed verdict. The questions were also presented by requests to charge and by exceptions to the charge and exceptions to failure to charge as requested.

The plaintiff made application for sick benefits which was filed on Oct. 7, 1937, and disallowed by the aerie, from whose decision no appeal was taken so far as appears. We give this application no further consideration as it does not appear that the plaintiff is now relying thereon or that he could do so, since it recites a disability continuing until May 12, 1937, which was within the first six months of plaintiff's membership and not covered by the benefit provisions of defendant's constitution. A second application was filed by the plaintiff on March 3, 1938, covering later disability. This application was considered by the aerie, following which the secretary submitted all the facts in writing and copies of all the papers in the case to the grand worthy president who informed the secretary in due course that the application was not in the form then required by the laws of the order, and that no action could be taken until claim was properly made on the form then required by their law. This information was communicated to the plaintiff by the secretary who furnished him with the new forms and requested him, and later his attorney, to submit his application thereon. The new form is the one now prescribed by the constitution and calls for somewhat more detailed information than the one that had been used. It is not entirely clear from the evidence whether plaintiff's claim had been rejected by the aerie and the secretary's action was in the nature of an appeal to the grand worthy president on behalf of the plaintiff, or whether the claim was held in abeyance by the aerie and the secretary was requesting information in order to enable it properly to act on the claim. However what was requested of the plaintiff was merely compliance with Art. 38 Sec. 27 of the constitution and it is immaterial whether it was required to complete the appeal or to complete proper consideration of the claim by the subordinate body. Even

though, as appeared, the new form was prescribed by an amendment to the constitution that had been enacted since the plaintiff became a member of the order, he was bound by his contract to comply with the requirement. See *Fugure* v. *Mutual Soc. of St. Joseph,* 46 Vt. 362, 370.

By the terms of his contract with the defendant exhausting the means of redress within the order was made a condition precedent to the plaintiff's right to sue. He has failed to show that he complied with that condition. In fact the undisputed evidence shows that he did not do so. There is no evidence that the defendant waived the requirements of its laws and no evidence from which it can be inferred that it did so. On the contrary it appears that the last request for compliance therewith by the plaintiff was made after his attorney had threatened suit.

▮ The authorities are not in harmony as to the power of a voluntary association to completely oust the jurisdiction of the courts and make the decisions of its own tribunals absolutely final and conclusive, in the absence of fraud, with respect to some or all internal controversies. But that question is not here involved. Unless there is some good excuse for not so doing, if the constitution and by-laws of such an association provide a tribunal to hear and to determine grievances with or without a remedy by appeal to a higher tribunal of the association, such remedies must be exhausted by an aggrieved member before relief is asked of the civil courts. Especially is this so where it is expressly provided that resort must first be had to the tribunals of the association. 10 C. J. S., Beneficial Associations, 317, Sec. 68. To the same effect see 38 Am. Jur. 481, Sec. 53. Among cases which have applied this rule to claims for benefits similar to the one here involved may be cited *Levy* v. *Order of the Iron Hall,* 67 N. H. 593, 38 Atl. 18; *Poultney* v. *Bachman,* 31 Hun 49; *Bauer* v. *Samson Lodge,* 102 Ind. 262, 1 N. E. 571; *Supreme Council O. C. F.* v. *Forsinger,* 125 Ind. 52, 25 N. E. 129, 9 L. R. A. 501, 21 Am. St. Rep. 196; *Ocean Castle K. G. E.* v. *Smith,* 58 N. J. L. 545, 33 Atl. 849 (Aff'd 59 N. J. L. 198, 35 Atl. 917); *Jaroszewski* v. *Penna. R. Co.,* 122 N. J. L. 350, 5 Atl. 2nd 678; *Supreme Lodge of Select Friends* v. *Raymond,* 57 Kan. 647, 47 P. 533, 49 L. R. A. 373. See also cases discussed in case note 8 L. R. A. (N. S.) 916.

■■ The defendant's motion is in part in the nature of a motion for judgment notwithstanding the verdict. Such a motion raises questions of pleading and ordinarily will be granted only when made by the plaintiff, but this Court has held that when the undisputed facts show that the plaintiff has no cause of action, as here, judgment should be entered for the defendant notwithstanding the verdict. *Johnson* v. *Hardware Mut. Cas. Co.*, 109 Vt. 481, 499, 1 Atl. 2d 817; *Tarbell* v. *Grand Tr. Ry. Co.*, 94 Vt. 449, 451, 111 Atl. 567; *Harrington* v. *Rutland R. R. Co.*, 89 Vt. 112, 118, 94 Atl. 431.

The defendant's motion should have been granted.

*Judgment reversed, verdict set aside and judgment for the defendant to recover its costs.*