## John McGrath v. Elizabeth Haines

[ 209 A.2d 479 ]

February Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Smith, J. J., and Brooks, Supr. J.**

Opinion Filed April 6, 1965

50

*Harrington and Jackson* for plaintiff.

*McNamara and Larrow* for defendant.

**Holden, C. J.** The plaintiff was injured when the motorcycle he was riding collided with an automobile operated by the defendant. The plaintiff was traveling north. The defendant was proceeding in the opposite direction. The accident occurred in the early hours of darkness on August 20, 1960. The scene was the south entrance to the railroad underpass on U. S. Route 7 where the sharp curve leading from the railroad crossing turns east to the city of Vergennes.

At the conclusion of the plaintiff's case, and again at the close of all the evidence, the defendant moved for a directed verdict on the ground that the uncontroverted physical facts in the case established that the point of impact was in the defendant's lane of travel and west of the center line. The defendant contended that this fact was apparent by physical evidence which should control over oral testimony to the contrary. The defendant's motion was denied and the case went to the jury.

After some seven hours of deliberation, the jury returned a substantial verdict for the plaintiff. Thereafter, the defendant filed a written motion which requested the court to set the verdict aside and enter judgment for the defendant notwithstanding the verdict.

■ Insofar as the motion was based on the contention that the verdict was against the weight of the evidence and based on sympathy for the plaintiff's injuries, it was addressed to the court's discretion.

The discretionary grounds were properly turned aside by the court below since judgments are not entered as a matter of discretion. The entry for one party or the other follows as a matter of law on the facts presented. *Sawyer v. Ewen,* 122 Vt. 320, 322, 173 A.2d 549.

More important to this appeal, the motion raised the question previously presented in the defendant's motion for a directed verdict to the effect that "the physical evidence in the case together with other evidence shows conclusively that the point of impact was entirely on the defendant's side of the center of the road and, accordingly, there was no negligence on the part of the defendant."

Under common law practice, a motion for judgment *non obstante verdicto* was available only to the plaintiff and was confined to questions of pleading. *Stoughton v. Mott,* 15 Vt. 162, 169; *Bradley Fertilizer Co. v. Caswell,* 65 Vt. 231, 233, 26 Atl. 956; *Stoddard v. Cambridge Mutual Fire Insurance Co.,* 75 Vt. 253, 256, 54 Atl. 284. Recent practice has enlarged its scope to make the motion now available to the defendant to present again the earlier questions of law raised by the motion for a directed verdict. *Harrington v. Rutland Railroad Co.,* 89 Vt. 112, 118, 94 Atl. 431; *Tarbell v. Grand Truck Railway Co.,* 94 Vt. 449, 451, 111 Atl. 567; *Johnson v. Hardward Mutual Casualty Co.,* 109 Vt. 481, 499, 1 A.2d 817. Thus, where the undisputed facts establish that the plaintiff has no cause of action, judgment should be entered for the defendant notwithstanding the jury's verdict indicating liability. *Nadeau v. St. Albans Aerie,* 112 Vt. 397, 402, 26 A.2d 93.

Similarly, where real evidence, perceptible to the senses, is produced for inspection that is capable of overriding verbal testimony to the contrary to justify a directed verdict as in *Wellman, Admr. v. Wales,* 98 Vt. 437, 441, 129 Atl. 317, the legal question involved can be raised again by motion for judgment notwithstanding the verdict. Accordingly, the court ordered judgment for the defendant as a matter of law. This appeal challenges the correctness of that ruling.

Real evidence is sometime referred to as physical facts. *Riggie v. Grand Trunk Railway Co.,* 93 Vt. 282, 107 Atl. 126; See also 1 Wigmore, Evidence §24 (3rd Ed.). The physical facts upon which the defendant relies developed from the testimony of the witness Roy E. Davidson. At the time of the accident, this witness was engaged as a special police officer for the city of Vergennes. He was seated in a police cruiser and was halted on a side road leading into Route 7 from the east, adjacent to the north end of the abutment to the underpass. From this vantage point he observed the defendant enter the under-

pass in her right lane at a speed from 20 to 25 miles per hour. His vision into the underpass was obstructed by the abutment. However, he did see the brake lights at the rear of the defendant's vehicle flash on as the vehicle proceeded through the underpass. Then he hard the noise from the impact of the collision. He saw the plaintiff's motorcycle as it was propelled through the air by the force of the impact. He saw the motorcycle strike the pavement just west of the center line of the highway.

At the scene after the accident, he found the plaintiff lying near his motorcycle. An examination of the surface of the highway disclosed no skid marks from either vehicle. However, he found fragments of broken glass, a strip of chrome, and particles of dirt slightly to the rear of the defendant's car. This vehicle had come to a halt after the accident with its right rear hubcap approximately three feet from the guardrail on the westerly side of the highway. The particles of dirt, pieces of glass and metal were, according to his testimony, in a "generalized area" with the heaviest concentration between two points to the west of the center line. These points were marked on the engineer's plan of the accident scene (Defendant's Exhibit B) and according to the scale of the plan were approximately fifteen feet apart, in a line parallel to the center line.

The witness testified he took measurements the night of the accident which he recorded in an accident report. The details of the measurements were not given and the written accident report was later destroyed by water damage at the police headquarters. The locations and connecting distances given in his testimony were approximations.

Officer Davidson's testimony to the effect that he found concentrations of dirt and fragments of glass and metal at approximate locations on the highway surface did not constitute uncontroverted physical facts in the sense of the term as used in *Riggie v. Grand Trunk Railway Co.,* supra, 93 Vt. at 284, where a rail jack was produced for inspection. Neither was the evidence present to the senses of the tribunal in the manner of the bicycle lamp and test involved in the accident in *Wellman, Admr. v. Wales,* supra, 98 Vt. at 443. In those instances the evidence was demonstrative in that the objects spoke for themselves.

The facts advanced by the defendant do not achieve the quality of the measured and undisputed skid marks in *Hastings v. Murray,* 112 Vt. 37, 40, 20 A.2d 107, nor the gouged post and undisputed wheel

tracks which prevailed in *Widham* v. *Town of Brattleboro,* 105 Vt. 210, 215, 166 Atl. 22. Here the debris was spread over a general area that was unmarked and unmeasured.

It is of course true that the presence of the fragmentary material allowed the jury to infer that it was jarred loose by the impact of the colliding vehicles. From this, the jury might have been persuaded that the point of collision was at or near the location where the scraps were later discovered. But this inference was not required as a matter of law.

There is other evidence in the record which opposes this conclusion. There was testimony that the centrifugal force generated by a motorcycle in rounding a curve to the right would throw the debris to the left. The plaintiff testified he was on his right side of the road as he went into the curve and approached the defendant's car.

The plaintiff's companion, following him on a second motorcycle, a hundred feet distant, testified the plaintiff was in the center of the east lane of travel. When the plaintiff entered the curve, the motorcycle was travelling about twenty-five miles an hour. He further testified that when he first saw the defendant's automobile it was in the center of the underpass. He recalled that the plaintiff tried to pull over further to the right as the defendant moved out of the center to her right and toward the guardrail but the rear of the defendant's car failed to clear the center line. His testimony was that the plaintiff's motorcycle struck the left rear of the defendant's car in the east lane of travel.

A passenger in the defendant's automobile testified by way of a deposition that the plaintiff was on his own side of the road as he entered the curve, south of the underpass, approaching the defendant's vehicle. But the motorcycle kept going straight and crossed the center line into the rear of the defendant's car.

There was conflicting testimony to oppose the evidence given by the defendant concerning her position in the underpass as she approached the curve to the south. And her testimony that the plaintiff stated after the accident that he couldn't make the curve was also in sharp dispute.

This state of the evidence, with conflict in the testimony of the several witnesses and the opposing inferences that developed, presented issues of fact as to the relative position of the vehicles immediately before and at the time of impact. And the result expressed in the jury's verdict is not overcome by the evidence given at the trial concerning the debris found at the scene of the accident.

■ When physical facts are relied upon to dominate a legal controversy, their presence, location and condition must be settled beyond dispute. And the connection between such facts and the issue at hand must be demonstrated without question. *Izor* v. *Brigham,* 111 Vt. 438, 442, 17 A.2d 236; *Johnson* v. *Cone,* 112 Vt. 459, 463, 28 A.2d 384; *Peck* v. *Gluck,* 113 Vt. 53, 56, 29 A.2d 814; *Barrows* v. *Powell,* 113 Vt. 109, 116, 29 A.2d 708.

The facts upon which the defendant's judgment stands are not that well established. They were developed entirely from the observation of a witness. The locations he gave were approximate at best. The accuracy of his observations and the credibility of his testimony, against other evidence in the case to the contrary, was for the jury to decide. *Ranney's Admr.* v. *St. Johnsbury Trucking Co., Inc.,* 116 Vt. 13, 16, 68 A.2d 697. It was error to vacate the verdict and enter judgment for the defendant as a matter of law.

*Judgment reversed. Verdict for the plaintiff is reinstated. Judgment is entered on the verdict.*