## Roy E. and Gladys Nicholson
### v.
## William and Daisy M. Doyle

[218 A.2d 689]

February Term, 1966

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 5, 1966

*Patterson, Gibson & Noble* for plaintiffs.

*Davis, Martin & Free* for defendants.

**Barney, J.** The trial court absolved the defendants from re-sponsibility for damage to plaintiffs' cellar, brought about through three episodes of flooding. The source of the trouble was the overflowing waters of a small brook which ran through the rear of the plaintiffs' property, then crossed the defendants' lot, to exit through a twenty-four inch culvert under Terrace Street, in Montpelier. At times of high rains this culvert would not take care of the run-off and water would back up behind Terrace Street.

The significant findings of the trial court may be briefly sum-marized. The lots of the plaintiffs and defendants adjoin at the corner of Terrace Street and Dairy Lane, and are part of what was once farmland. The defendants' lot is the corner lot. The plaintiffs' house was built and acquired by them about a year prior to the defendants', and was built where a small knoll had been reduced so that the base-ment elevation approximated the toe of the knoll. Prior to the con-struction of any house the water would back up from the culvert, in times of high water, onto the bottom of the knoll.

Before building their house, the defendants ran a twenty-four inch pipe along the bed of the brook crossing their property, attaching the lower end to the culvert under Terrace Street. This pipe was covered over and the area graded for a lawn. The court found that this culvert pipe has resulted in a water course for surface waters substan-tially as great as that which previously existed. The placing of this culvert was found to be not such a substantial deviation from the course of the brook, or the size of the brook, as to add to the burden of the plaintiffs' land additional waters. The court said that it could not find that the grading by the defendants has been the cause of the backing up of water into the plaintiffs' garage and cellar, but that this condition existed prior to the construction of the houses. Additionally, the court found that on each of the three occasions when water backed onto the land of the plaintiffs, conditions were extraordinarily bad, consisting generally of flood conditions.

To prevail, the burden was on the plaintiffs to show that the actions of the defendants, with respect to their lot and the brook

passing through it, caused, or formed a part of the cause of, the flooding complained about. *White River Chair Co.* v. *Conn. River Power Co.*, 105 Vt. 24, 39, 162 Atl. 859. If this is established, the mere fact that flood conditions existed, or that the water was unusually high, will not protect the defendants. *Perkins* v. *Vermont Hydro-Electric Corp.*, 106 Vt. 367, 378-81, 177 Atl. 631.

However, the trial court found that the acknowledged activities of the defendants had not been the causative factor of the flooding. The defendants point out, correctly, that if the evidence supports this finding, it must stand. *Little* v. *Little*, 124 Vt. 178, 182, 200 A. 2d 276. In this connection they refer to testimony in the case from a former owner of the land which indicated that on occasions when water flowed over Terrace Street at a time before any houses were built, it reached a point two feet or higher on the knoll where plaintiffs' house was later built. This witness went on to testify that the water levels in the area at times of flooding were no different after the defendants built than they were before. This evidence the court incorporated in its findings.

The plaintiffs assert that certain surveys, prepared by engineers for both sides, admitted by stipulation and in substantial agreement, establish certain physical facts beyond question. From this they argue that the court was bound to find these facts as material, uncontroverted and settled as between the parties, because of the stipulation. Once these facts became a part of the findings, say the plaintiffs, judgment in their favor is required as a matter of law, because these particular facts are determinative.

The plaintiffs appear to be overweighing the effect of the stipulation. The agreement that these exhibits may be admitted in the case does not, of itself, give them preferred status as evidence. The stipulation did not require the assigning of any particular weight to this evidence.

Unquestionably the two surveys do establish certain physical aspects of the changed contour of the area at the corner of Terrace Street and Dairy Lane. That these changes took place is not disputed. The plaintiffs say the proof of this altered profile of the land, as demonstrated by the surveys, is enough to establish their right to recover.

But the question at issue is the consequence of that change, not the change itself. The evidence was in dispute as to the original contour of defendants' lot, and, as we have seen, there was evidence in

the case that the alterations by the defendants did not affect the flooding level.

The plaintiffs would have the claimed change in flood water level arise as an inescapable inference from the facts demonstrated in the survey. This leaves no room for the operation of modifying factors also in evidence, such as the construction of additional streets and houses in the drainage area, the effect of fill put in near the brook by the plaintiffs and, as has been mentioned, the dispute as to the original situation on the defendants' lot. These considerations prevent the surveys from being determinative as a matter of law. *McGrath* v. *Haines*, 125 Vt. 49, 52-4, 209 A. 2d 479.

Although the evidence in the case might persuade this Court to the contrary, we must affirm if credible evidence in support of the result reached by the trial court is present in the case, as it is here. *Savard* v. *George*, 125 Vt. 250, 254, 214 A. 2d 76.

*Judgment affirmed.*