**Robin Lambert b/n/f Larry W. Lambert v. Clayton C. Fuller**

[303 A.2d 471]

No. 28-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*McNamara, Fitzpatrick & Sylvester,* Burlington, for Plaintiff.

*Dinse, Allen & Erdmann,* Burlington, for Defendant.

**Barney, J.** The infant plaintiff, injured in an automobile accident as a passenger in a car operated by her mother, was denied recovery by the jury, as was her father as the person responsible for her care and support. Based on claimed errors in the receipt of evidence and the charge to the jury, the two plaintiffs have appealed.

The accident occurred within the City of Burlington on North Avenue. Mrs. Lambert, the driver, testified that when she first saw the car of the defendant, it was in her lane attempting to enter a driveway on her right of the highway. It was then broadside to her with the passenger side facing

her. The roads were slippery and slush covered, and when she attempted to stop her Volkswagen she struck the Fuller vehicle, a Peugeot coupe, after skidding some twenty or thirty feet.

From her testimony it was clear that Mrs. Lambert was convinced that as she proceeded north on North Avenue, the defendant was coming south and cut in front of her to enter the driveway on her right side of the road. It is also quite apparent that Mrs. Lambert did not actually see the defendant driving south. When the police arrived at the scene, they observed, among the tracks in the slush, a set of tracks coming from the southbound lane across the north lane and leading to the defendant's vehicle. Their testimony came in in support of Mrs. Lambert.

It was the defendant's evidence, however, that he had been proceeding north on North Avenue, in Mrs. Lambert's lane of travel, had attempted a right turn into a narrow driveway, but had had to stop because of the narrow, obstructed condition of the driveway. He started ahead again, and as he was in the process of entering the driveway, he was struck. The passenger who was riding with him confirmed his version of the accident.

In support of the defendant's description of the accident, testimony was introduced from a witness who qualified in the field of accident reconstruction. It was his opinion that the defendant's car must have been travelling north, that is, ahead of and in the same direction as the car in which the plaintiff was riding.

The plaintiff, at the close of direct examination of this witness, moved to strike the testimony on the grounds it was based upon matters not in evidence, contrary to the statute. Upon the overruling of the motion, extensive cross-examination of the expert was carried out. At the close of the evidence the motion to strike was renewed on the ground that any testimony inconsistent with undisputed physical evidence should be stricken. Since that objection also runs to some other evidence in the case, we will first dispose of the objection first made to the testimony of the accident expert.

The statute to which the motion to strike referred is 12 V.S.A. § 1643, which reads:

"An expert witness may be asked to state his opinion based on the witness' personal observation, or on evidence introduced at the trial and seen or heard by the witness, or on his technical knowledge of the subject, without first specifying hypothetically in the question the data on which this opinion is based. On direct or cross-examination, such expert witness may be required to specify the data on which his opinion is based."

Opinion evidence from an expert witness can be of several kinds. One kind is where the witness hears or is apprised of the testimony and evidence put before the jury and bases his opinion on that evidence alone. Previous to our statute, this kind of testimony involved the use of hypothetical questions to frame the facts upon which the opinion rested. The statute now allows the opinion to be given without such a hypothetical question, leaving it to cross-examination to establish the premises for the opinion. This was the situation in *Bliss* v. *Moore,* 112 Vt. 185, 22 A.2d 315 (1941), cited by the plaintiff as supporting her objection.

A second kind of expert testimony is that based upon the expert's own familiarity with the circumstances at issue about which he gives his opinion. Typical of these are opinions of appraisers and surveyors, among others. Such an expert is testifying as to factual matters concerning the litigation as of his own knowledge, just as any other witness. See *Vt. Electric Power* v. *Whitcomb,* 123 Vt. 87, 91, 181 A.2d 63 (1962). In such cases, although exploration of his knowledge, expertise and general competency in his field are proper, as in the case of any witness, the basis for resort to hypothetical questions is not present, and such questions were not properly required prior to the statute. See 2 J. Wigmore, Evidence § 675 (3d ed. 1940).

The third situation is where the expert's testimony is based both on personal information and upon evidence put before the jury. *Farr* v. *State Highway Board,* 122 Vt. 156, 161, 166 A.2d 187 (1960), is such a case. Here, some portions of the witness' testimony are based on evidence presented in the trial of which the expert is aware, and some on matters about which he has direct knowledge. Under our statute, here, too, it is the function of cross-examination to ferret out the ground-

ing for his opinions and test it against the actual factual situation confronting the jury.

*Bliss* v. *Moore, supra,* 112 Vt. at 190, stands for the proposition that the opinion of the witness is subject to a motion to strike if based upon speculation by the witness and not on evidence in the case. The evidence in the case includes that evidence about which the witness can properly testify from his own knowledge through observation or investigation. The expert in the *Bliss* case was established to be merely hypothesizing without evidentiary support as to the cause of a fire. When that was established by cross-examination, the motion to strike required granting.

■ In this case the motion to strike came at the close of direct examination, before the basis for the expert opinion was examined. At that point, objection was really directed to the point that the witness, as part of his investigation, had spoken to others who had not testified, and consulted statements of certain witnesses. The witness had already been appropriately checked on any occasion when he sought to make reference to any hearsay statements of others. This is not the disqualifying circumstance. The critical question is the factual basis for his opinion as revealed by the cross-examination. No motion to strike was made at the close of cross-examination, and nothing has been called to our attention suggesting that the cross-examination would have supported a motion to strike if made at that time, except in one particular which will be dealt with now. But laying that issue aside, the opinion evidence was properly before the jury. See *Cross* v. *Estate of Patch,* 123 Vt. 11, 178 A.2d 393 (1961).

The other issue referred to with respect to the expert's testimony related to a motion to strike made at the close of all the evidence. This motion rested on the proposition that there was undisputed physical evidence relating to the direction in which the defendant was driving. The evidence came from the police who investigated the accident who related that there were tire tracks in the slush coming from the southbound lane and leading to the accident scene. It is the plaintiff's contention that this evidence must be accepted, and that a directed verdict of liability should follow.

▆▆ Having in mind the similar circumstances involved in *Connor* v. *McGill*, 127 Vt. 19, 21–22, 238 A.2d 777 (1968), it would appear that even were plaintiff's motion to strike granted, the liability issue would, more than likely, still be for the jury. Moreover, in the strict sense, physical evidence is, as was said in *McGrath* v. *Haines*, 125 Vt. 49, 52, 209 A.2d 479 (1965), demonstrative and "present to the senses of the tribunal." Here, as in the *McGrath* case, the evidence came in through testimony, filtered through the senses and understanding of witnesses. It was not preserved by photography. The cross-examination of the officers developed the presence of other traffic and many car tracks in the area. There is no question but what the evidence was proper for the jury's consideration. But it did not achieve the status of indisputable evidence so as to meet and overcome oral evidence, including eyewitness testimony, and take the issue from the jury. *Smith* v. *Grove*, 119 Vt. 106, 114, 119 A.2d 880 (1956). The motion to strike was properly denied.

▆▆ The plaintiff has briefed two assignments of error with respect to the trial court's charge. The first relates to directional signals as called for by 23 V.S.A. §§ 1046 and 1052. These sections require a signal by the operator, either by hand or approved mechanical device, before changing direction or materially slackening his speed. The plaintiff correctly states that violation of such a statute, unrefuted, gives rise to presumption of negligence. From this she argues that this duty should have been charged as part of the obligation of an operator to behave without negligence.

▆▆ All of this is significant, however, only if the evidence demonstrates that breach of such a safety regulation was part of the proximate cause of the accident. In this case the plaintiff's evidence concedes that the operator of the car in which she was riding first saw the defendant's car when it was in her lane entering the driveway. At that point the time for signals had passed. Moreover, if the plaintiff's contention that the defendant turned left in front of her is accepted, the signals, even if still operating, would have been out of sight on the side of the car away from the plaintiff when she saw it.

The plaintiff's evidence that no signal was made is, at best, conjectural. The defendant testified that he did signal his turn, which in his version was a right turn, made the turn, then stopped, or nearly so, partly in the driveway, then started ahead again when he was hit. Thus it is plain that whatever view is taken of the development of the accident, the making or failure to make, the required signals played no part in its happening. The failure to charge the safety statutes was not error.

The plaintiff also faults the trial court for failing to give the usual charge that inconsistent statements of a party are available to the jury to establish that the facts were as evidenced by the inconsistent statement, in contrast to his in-court testimony. A careful reading of the transcript references reveals no evidence of out-of-court statements in support of a state of facts more favorable to the plaintiff than the testimony of the defendant in court, with respect to either liability or damages. Indeed, most of the examination purporting to establish such inconsistencies was clearly directed at casting doubt on the defendant's credibility, and on that issue, the charge sufficed. No prejudice justifying reversal has been demonstrated.

*Judgment affirmed.*